T.C. Memo. 2015-208

UNITED STATES TAX COURT

STEPHEN J. DUNN AND GERI L. DUNN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8798-13.                                    Filed October 26, 2015.

<u>Stephen J. Dunn</u> and <u>Christina R. McNeal</u>, for petitioners.

<u>Charles V. Dumas, III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-
mined a deficiency in petitioners' 2010 Federal income tax of $1,460[1] and an ac-

---

[1]All statutory references are to the Internal Revenue Code (Code) in effect
for the year in issue, and all Rule references are to the Tax Court Rules of Practice
and Procedure.  All dollar amounts are rounded to the nearest dollar.

[*2] curacy-related penalty of $292. After concessions,[2] the issues for decision are: (1) whether petitioners for 2010 are entitled to a deduction, in excess of the amount respondent allowed, for contributions made to an individual retirement account (IRA) for Stephen Dunn (petitioner or Mr. Dunn); and (2) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a). We resolve both issues in respondent's favor.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in Michigan when they filed their petition.

Mr. Dunn is an attorney licensed to practice in Michigan and Missouri and admitted to practice before the Tax Court. Mr. Dunn has specialized in tax law, foreign accounts compliance, civil asset forfeitures, tax collection litigation, and estate planning for a number of years, including 2008-2010. Mr. Dunn had reached age 50 by the end of 2008.

---

[2]Petitioners conceded that they received $125 of taxable interest income from JP Morgan Chase Bank in 2010. Respondent conceded that $84 petitioners allegedly received from Calumet Specialty Production Partners, LP, and Linn Energy, LLC, did not constitute taxable income to them for 2010.

**[*3]**   During the first part of 2008 Mr. Dunn was employed by a private law firm. He was an active participant during 2008 in that firm's qualified retirement plan. Mr. Dunn became self-employed in late 2008 and remained self-employed through the end of 2010.

Mr. Dunn maintains an IRA with Vanguard Brokerage Services (Vanguard). During 2008-2010 he made the following contributions, on the following dates, to his Vanguard IRA:

| Date | Amount | Designated for year |
| --- | --- | --- |
| 1/16/09 | $5,300 | 2008 |
| 3/24/09 | 700 | 2008 |
| 6/16/09 | 5,000 | 2009 |
| 1/4/10 | 1,000 | 2009 |
| 1/25/10 | 800 | 2010 |

Vanguard furnished the IRS with Forms 5498, IRA Contribution Information, reporting these contributions.  These forms, as well as the financial statements that Vanguard furnished to petitioner, show that he designated the first two contributions listed above, totaling $6,000, for the 2008 tax year; that he designated the second two contributions listed above, totaling $6,000, for the 2009 tax year; and that he designated the final contribution of $800 for the 2010 tax year.  Petitioner made no other contributions to his Vanguard IRA for 2010.  None

[*4] of these contributions has been returned to petitioner; all amounts that petitioner contributed remain invested at Vanguard.

Petitioners filed joint Federal income tax returns for 2008 and 2009. For each year they claimed a $6,000 deduction for the contributions that petitioner had made to his Vanguard IRA and designated for tax years 2008 and 2009, respectively. The IRS examined the 2008 return and disallowed the claimed $6,000 deduction because Mr. Dunn was an "active participant" in a qualified retirement plan during 2008. Petitioners do not dispute that the 2008 deduction was properly disallowed.[3] The IRS allowed the 2009 deduction because Mr. Dunn was no longer an "active participant" in his former employer's retirement plan.

Petitioners filed a joint return for 2010, the tax year in issue, on which they again claimed a $6,000 IRA contribution deduction. Petitioners based this claim on the theory that the 2008 contribution was an "excess contribution" that could be carried forward or, alternatively, that the 2008 contribution should be deemed to have been made for 2009, with the supposed result that the 2009 contribution

---

[3]If an individual is an active participant in a qualified plan, section 219(g) phases out the deduction allowed by section 219(a) according to certain income thresholds. Taking into account petitioners' adjusted gross income and the phase-out threshold, respondent determined that petitioners for 2008 were entitled to no deduction for IRA contributions.

**[\*5]** would be "bumped" to 2010. Petitioner did not notify Vanguard of any desire to change the tax years for which he had designated his contributions.

Upon examination of petitioners' 2010 return, the IRS reduced the allowable IRA contribution deduction to $800. This was the amount that petitioner had contributed on January 25, 2010, and designated as an IRA contribution for 2010. Petitioners timely petitioned this Court in response to the notice of deficiency that followed.

OPINION

I.     Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the burden is on the taxpayer to prove entitlement to the deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Because we decide this case on a preponderance of the evidence, we need not decide which party has the burden of proof. See sec. 7491(a); Estate of Turner v. Commissioner, 138 T.C. 306, 309 (2012).

[*6] II.     Analysis

Subject to various limitations, a deduction is allowed for contributions to an IRA for the taxable year. Sec. 219(a). The amount allowable as a deduction may not exceed the lesser of "the deductible amount" or the amount of compensation includible in the individual's gross income for that year. Sec. 219(b)(1). For taxpayers who had attained the age of 50 before the close of the taxable year, as petitioner had done before the end of 2008, the "deductible amount" was capped at $6,000. See sec. 219(b)(1), (5).

Petitioner contributed $800 to his Vanguard IRA on January 25, 2010, and designated that contribution toward 2010. Respondent allowed that amount as a deduction for 2010. Petitioners advance various theories to support their assertion that they are entitled to an additional $5,200 deduction for 2010. The gist of each theory is that the $6,000 deduction that respondent properly disallowed for 2008 should be allowed for 2010 instead. None of these theories is persuasive.

First, petitioners contend that the 2008 contribution was an "excess contribution[]" described in section 4973(b), which supposedly became deductible in 2010 under section 219(f)(6). Section 4973(a) imposes a 6% excise tax on "excess contributions" to an IRA; as relevant here, section 4973(b)(1) defines "excess contributions" to mean contributions in excess of "the amount allowable as a

[*7] deduction under section 219[(a)] for such contributions." For purposes of calculating excess contributions, "the amount allowable as a deduction under section 219 shall be computed without regard to section 219(g)." Sec. 4973(b) (last sentence).

Respondent determined that petitioners' allowable IRA contribution deduction for 2008 was zero after application of section 219(g), since Mr. Dunn was an "active participant" during 2008 in a qualified retirement plan. But section 4973(b) provides that, for purposes of determining the existence of an excess contribution, "the amount allowable as a deduction under section 219 shall be computed without regard to section 219(g)." Without regard to section 219(g), the amount allowable to petitioners as a deduction under section 219 was $6,000, which equals the amount petitioner contributed to his Vanguard IRA for 2008. His "excess contribution" for 2008 was thus zero, and he accordingly had no excess contribution that could be allowed as a deduction for a future year under section 219(f)(6).

Alternatively petitioners contend that, once the IRS disallowed the 2008 contribution, each set of contributions should be "rolled forward" by one year. Petitioners contend, in other words, that the contributions Mr. Dunn made in January and March 2009, though designated for 2008, should be deemed to have

**[*8]** been made toward 2009; that the contributions he made on June 16, 2009, and January 4, 2010, though designated for 2009, should be deemed to have been made toward 2010; and that the $800 contribution he made on January 25, 2010, should be deemed to have been made toward 2011.[4]

This argument rests on two premises, neither of which is tenable. Petitioner provides no support for his assertion that he could have made, in June 2009, an IRA contribution that would be deductible against his 2010 income. In an act of legislative largesse, Congress has permitted taxpayers to make IRA contributions for a particular year until April 15 of the following year.[5] But there is no provision that allows a cash basis taxpayer, in violation of the annual accounting principle of section 461(a), to claim a deduction for an IRA contribution made before January 1 of the year for which the deduction is claimed. See sec. 1.219-1(a), Income Tax Regs. (providing that a deduction shall be allowed "of amounts paid for the taxable year" to an IRA account), cf. sec. 1.219-1(d)(1), Proposed Income Tax

---

[4]Petitioners assert that they deducted the $800 contribution on their 2011 tax return, even though they had paid this amount in January 2010.

[5]See sec. 219(f)(3) (providing that a contribution shall be deemed to have been made "on the last day of the preceding taxable year if the contribution is made on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year (not including extensions thereof))."

[*9] Regs., 46 Fed. Reg. 36200 (July 14, 1981) (proposing that, for years before the effective date of section 219(c)(3) (now section 219(f)(3)), "a taxpayer must make a contribution to an * * * [IRA] during a taxable year in order to receive a deduction for such taxable year").

Moreover, the Forms 5498 that Vanguard sent to the IRS, as well as the financial statements that Vanguard furnished to petitioner, show that he designated both his June 16, 2009, contribution and his January 4, 2010, contribution as being made toward 2009. Petitioner provides no support for his assertion that these contributions could now be "redesignated" as having been made toward 2010. Proposed regulations issued 34 years ago, still in proposed form, specify a procedure for designating IRA contributions. See sec. 1.219-1(d)(2), Proposed Income Tax Regs., supra (contribution "shall be treated as made on account of [a] taxable year if it is irrevocably specified in writing to the trustee, insurance company, or custodian that the amounts contributed are for such taxable year"). The proposed regulations include no suggestion that a contribution, once so designated, can be redesignated after the close of that tax year for a different tax year. In any event, because petitioner provided no evidence that he had ever submitted a "redesignation" request to Vanguard, we need not decide whether that action would have been effective if it had been attempted.

[*10] Finally, petitioners advance a variety of equitable arguments urging that Congress' policy of encouraging retirement savings supports the deduction they seek. These arguments are addressed to the wrong forum. "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners are asking that a deduction for an IRA contribution petitioner made for 2008, which the IRS properly disallowed for 2008, should be allowed instead for 2010. There is no legal basis for this claim. A taxpayer is free to organize his affairs as he chooses, but once having done so, he must accept the tax consequences of his choice, whether contemplated or not. See Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974).

In sum, petitioners are entitled for 2010 to an IRA contribution deduction of $800, the amount that petitioner contributed to his Vanguard IRA during 2010 and designated as a contribution for 2010. We sustain respondent's disallowance of the balance of the $6,000 deduction claimed.

III.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a 20% accuracy-related penalty upon the portion of any underpayment of tax that is attributable to negligence or

[*11] disregard of rules or regulations. "Negligence" is defined as "any failure to make a reasonable attempt to comply" with the provisions of the Code, and "disregard" means any "careless, reckless, or intentional disregard." Sec. 6662(c). The Commissioner bears the burden of production with respect to a section 6662 penalty. Sec. 7491(c). Respondent met his burden of production by showing that petitioners were not entitled to $5,200 of the $6,000 deduction claimed on their 2010 return. The burden thus shifts to petitioners to prove that the penalty does not apply. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the tax-payer acted in good faith with respect to * * * [it]." Sec. 6664(c)(1). The decision whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Ibid.

Mr. Dunn is an experienced tax attorney. After respondent properly dis-allowed the $6,000 deduction petitioners had claimed for 2008, they sought to

**[\*12]** deduct that amount for 2010, even though their total contribution for 2010 did not exceed $800. The theory on which Mr. Dunn chiefly relied at trial--that the disallowed contributions could be carried forward as "excess contributions" for 2008--is contradicted by the plain language of section 4973(b). Petitioners' other arguments have no support in the Code, the regulations, relevant caselaw, or basic tax principles. In the light of Mr. Dunn's experience, knowledge, and education, we find that petitioners' deduction of amounts not contributed in the relevant year, which was based on amounts for which a deduction had been previously disallowed, did not reflect a good-faith misunderstanding of the law. Nor was this deduction otherwise supported by "reasonable cause." We accordingly sustain the accuracy-related penalty.

To reflect the foregoing,

Decision will be entered under
Rule 155.